Citation Nr: 1829346 
Decision Date: 05/31/18 Archive Date: 06/12/18

DOCKET NO. 14-24 872A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Reno, Nevada


THE ISSUES

1. Entitlement to service connection for hepatitis C.

2. Entitlement to compensation under 38 U.S.C. § 1151 for additional shoulder disability as a result of a March 2011 torn left rotator cuff repair.


REPRESENTATION

Appellant represented by: Jodee Dietzenbach, Attorney


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Michael Sanford, Counsel


INTRODUCTION

The Veteran served on active duty from February 1977 to May 1977.

This appeal to the Board of Veterans' Appeals (Board) arose from a May 2012 rating decision in which the RO in Chicago, Illinois, denied service connection for hepatitis C and entitlement to compensation under 38 U.S.C. § 1151 for additional disability as a result of a March 2011 torn left rotator cuff repair. The Veteran filed a notice of disagreement (NOD) in July 2012. The RO issued a statement of the case (SOC) in July 2010 and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in June 2014. The Board notes that jurisdiction over this claim was transferred to the RO in Reno, Nevada which has certified this appeal to the Board.

In May 2016, the Veteran testified during a hearing before the undersigned Veterans Law Judge at the Las Vegas, Nevada satellite office RO; a transcript of the hearing is of on file.

In January 2017, the undersigned advanced this appeal on the Board's docket pursuant to 38 U.S.C. § 7107(a)(2) (2012) and 38 C.F.R. § 20.900(c) (2017).

In March 2017, the Board remanded the claims on appeal to the agency of original jurisdiction (AOJ) for further development. After accomplishing further action, the AOJ continued to deny each claim (as reflected, most recently, in a February 2018 supplemental SOC (SSOC)) and returned these matters to the Board for further appellate consideration.



During the pendency of the appeal, the Veteran has appointed private attorney Jodee Dietzenbach as his representative. See VA Form 21-22a (Appointment of Individual as Claimant's Representative), submitted May 2016. The Board had recognized the change in representation.

Also, while the Veteran previously had a paper claims file, this appeal is now being processed utilizing the paperless, electronic Veterans Benefits Management System and Virtual VA (Legacy Content Manager) claims processing systems. All records have been reviewed.

For the reasons expressed below, the matters on appeal are, again, being remanded to the AOJ. VA will notify the Veteran when further action, on his part, is required.


REMAND

Unfortunately, the Board finds that further action in this appeal is warranted, even though such will, regrettably, further delay an appellate decision on these matters. 

A remand by the Board confers upon the Veteran, as a matter of law, the right to compliance with the remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. See Stegall v. West, 11 Vet. App. 268 (1998). 

The Board remanded these matters, inter alia, to attempt to obtain a copy of the informed consent form the Veteran signed prior to his March 2011 left shoulder surgery at the Butler VA Medical Center (VAMC) in accordance with 38 C.F.R. § 3.159(c). Further, the AOJ was to obtain an addendum opinion addressing the etiology of the Veteran's hepatitis C. In offering that opinion, the examiner was to comment on the in-service hospitalization records from Ireland Army Hospital. Finally, the AOJ was to obtain an addendum opinion from the April 2012 VA examiner as to the section 1151 claim. The examiner was to opine as to whether the Veteran's additional disability of superior labral tear was (a) reasonably foreseeable or (b) the result of carelessness, negligence or lack of proper skill, error in judgment, or similar instance of fault on the part of VA.

Initially, as pointed out by the Veteran's attorney, the AOJ apparently made no attempt to obtain a copy of the signed consent form from prior to the March 2011 left shoulder surgery at the Butler VAMC. See February 2018 Argument of Veteran's Attorney.

Further, an addendum opinion as to hepatitis C was provided in October 2017. The examiner noted review of the 1977 hospitalization records, but stated that those records did not change his prior opinion. The examiner explained that the Veteran was quite sick with an elevated fever, but there was nothing to suggest that the sickness was due to hepatitis C. The examiner stated that the typical feature with hepatitis C infection is jaundice, in addition to dark urine, change in stools, nausea and abdominal pain. The examiner stated that the Veteran's symptoms were not consistent with hepatitis C infection.

The Veteran's attorney argued that the examiner failed to comment on the in-service hospitalization records from Ireland Army Hospital. See February 2018 Argument of Veteran's Attorney. Specifically, the Veteran's attorney explained that the records show a high white blood cell count and low platelet count, possibly indicating a viral infection at the time that the Veteran was hospitalized during service. Further, the Veteran's attorney argued that the examiner's opinion does not consider the possibility that the Veteran purportedly had no other risk factors for hepatitis C infection. The Board agrees.

The Board additionally notes that, on remand, an addendum opinion for the section 1151 claim was also provided in October 2017. The examiner explained that labral tears are a known and foreseeable risk if the Veteran's surgery, especially given the severity of the original rotator cuff tear. He also explained that everything was done appropriately during the surgery and there was no carelessness, negligence, lack of proper skill, error in judgment or similar instance of fault.

As also discussed by the Veteran's attorney, the VA examiner offered no rationale to support the conclusion that there was no fault on those treating the Veteran during his surgery. To that end, the examiner stated that everything was done appropriately during the surgery and there was no carelessness, negligence, lack of skill, error in judgment or similar instance of fault. The examiner, however, offered no rationale to support this conclusion. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008) (stating that a medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two). Notably, a rationale for the conclusion reached as to fault was expressly requested in the Board's prior remand.

Under these circumstances, the Board concludes that substantial compliance with the March 2017 remand directives has not been achieved. See D'Aries v. Peake, 22 Vet. App. 97, 105-06 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999). Accordingly, further remand of these matters to obtain a copy of the signed consent form and the previously-quested medical opinions is required. See Stegall, supra. 

On remand, the AOJ must undertake efforts to obtain a copy of the signed consent form, following the mandates of 38 C.F.R. § 3.159 (2017). Also, further medical opinions responsive to the remand directive must be obtained. If any physician designated to provide an opinion is unable to do so in the absence of a contemporaneous examination, such examination should be arranged by the AOJ. The Veteran is hereby advised that the failure to report for any scheduled examination(s), without good cause, may result in denial of his claims. See 38 C.F.R. § 3.655 (2017). Examples of good cause include, but are not limited to, the illness or hospitalization of the claimant or the death of an immediate family member.

Prior to undertaking action responsive to the above, to ensure that all due process requirements are met, and the record is complete, the AOJ should give the Veteran another opportunity to provide additional information and/or evidence pertinent to the claims on appeal, explaining that he has a full one-year period for response. See 38 U.S.C. § 5103(b)(1) (2012); but see also 38 U.S.C. § 5103(b)(3) (clarifying that VA may make a decision on a claim before the expiration of the one-year notice period). 

Thereafter, the AOJ should attempt to obtain any additional evidence for which the Veteran provides sufficient information, and, if needed, authorization, following the current procedures prescribed in 38 C.F.R. § 3.159 (2017).

The actions identified herein are consistent with the duties imposed by the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C. §§ 5103, 5103A (2012); 38 C.F.R. § 3.159 (2017). However, identification of specific actions requested on remand does not relieve the AOJ of the responsibility to ensure full compliance with the VCAA and its implementing regulations. Hence, in addition to the actions requested above, the AOJ should also undertake any other development and/or notification action deemed warranted by the VCAA prior to adjudicating the claims on appeal.

Accordingly, these matters are hereby REMANDED for the following action:

1. Following the procedures set forth in 38 C.F.R. § 3.159(c) with regard to requesting records from Federal facilities, undertake appropriate action to obtain a copy of the signed, informed consent the Veteran provided prior to his March 2011 left shoulder surgery at the Butler VAMC.

2. Furnish to the Veteran and his attorney a letter requesting that the Veteran provide additional information concerning, and, if necessary, authorization to enable VA to obtain, any additional evidence pertinent to one or more claim(s) on appeal that is not currently of record. Specifically request that the Veteran furnish, or furnish appropriate authorization to obtain, all outstanding, pertinent, private (non-VA) medical records-particularly, pertaining to any left shoulder or hepatitis C treatment.

Clearly explain to the Veteran that he has a full one-year period to respond (although VA may decide the claims within the one-year period).

3. If the Veteran responds, obtain all identified evidence following the procedures set forth in 38 C.F.R. § 3.159. All records and responses received should be associated with the claims file. If any records sought are not obtained, notify the Veteran of the records that were not obtained, explain the efforts taken to obtain them, and describe further action to be taken.

4. After all records and/or responses received from each contacted entity have been associated with the claims file, or, a reasonable time period for the Veteran's response has expired, arrange to obtain from the author of the October 2017 addendum opinion a further addendum addressing the etiology of the Veteran's hepatitis C. 

If that individual is no longer employed by VA or is otherwise unavailable, document that fact in the record, and arrange to obtain an addendum opinion from an appropriate physician based on claims file review (to the extent possible). Only arrange for the Veteran to undergo examination if one is deemed necessary in the judgment of the physician designated to provide the addendum opinion.

The contents of the entire, electronic claims file, (in VBMS and Virtual VA (Legacy Content Manager)), to include a complete copy of this REMAND, must be made available to the designated individual, and the addendum opinion/examination report should include discussion of the Veteran's documented history and lay assertions.

If the Veteran is examined, all indicated tests and studies should be accomplished (with all results made available to the requesting physician prior to the completion of his or her report), and clinical findings should be reported in detail. 

For hepatitis C, the physician should offer an opinion, consistent with sound medical judgment, as to whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the disability had its onset in or is otherwise medically-related to the Veteran's active service.

In addressing the above, the physician must consider and discuss all pertinent lay and medical evidence of record, including the in-service hospitalization records from Ireland Army Hospital, as well as all lay assertions. Specifically, the examiner must address the record from Ireland Army Hospital showing high white blood cell count and low platelet count. Additionally, the examiner must comment on whether the Veteran had any other risk factors for contracting hepatitis C other than from an air gun during service.

The physician is advised that the Veteran is competent to report matters within his personal knowledge, to include symptoms and events), and that lay assertions in this regard must be considered in formulating the requested opinion. If lay assertions in any regard are discounted, the physician should clearly so state, and explain why.

Complete, clearly-stated rationale for the conclusions reached must be provided.

5. After all records and/or responses received from each contacted entity have been associated with the claims file, or, a reasonable time period for the Veteran's response has expired, arrange to obtain from the author of the October 2017 addendum opinion a further addendum addressing the Veteran's claim under 38 U.S.C. § 1151. 

If that individual is no longer employed by VA or is otherwise unavailable, document that fact in the record, and arrange to obtain an addendum opinion from an appropriate physician based on claims file review (to the extent possible). Only arrange for the Veteran to undergo examination, by an appropriate physician, if one is deemed necessary in the judgment of the physician designated to provide the addendum opinion.

The contents of the entire, electronic claims file, (in VBMS and Virtual VA (Legacy Content Manager)), to include a complete copy of this REMAND, must be made available to the designated individual, and the addendum opinion/examination report should include discussion of the Veteran's documented history and lay assertions.

If the Veteran is examined, all indicated tests and studies should be accomplished (with all results made available to the requesting physician prior to the completion of his or her report), and clinical findings should be reported in detail. 

The physician should provide an opinion, consistent with sound medical judgment, as to whether the proximate cause of the Veteran's additional disability-superior labral tear -identified as a complication of the 2011 rotator cuff repair was the result carelessness, negligence, or lack of proper skill, error in judgement, or similar instance of fault on the part of VA.

In addressing the above, the physician must consider and discuss all pertinent medical and other objective evidence of record, including the March 2011 surgical reports from the rotator cuff repair and postoperative treatment records from Dr. J.V.N., M.D. from the University of Iowa Hospitals and Clinics. 

The physician must also consider all lay assertions, to include the Veteran's competent assertions as to the nature, onset, and continuity of symptoms. If lay assertions in any regard 

The physician must support any opinion rendered with complete, clearly-stated rationale. 


6. To help avoid future remand, ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. See Stegall, supra.

7. After completing the requested actions, and any additional notification and/or development deemed warranted, adjudicate the claims on appeal in light of all pertinent evidence (to particularly include all evidence added to the electronic claims file since the last adjudication) and legal authority.

8. If any benefit(s) sought on appeal remain(s) denied, furnish to the Veteran and his attorney an appropriate SSOC that includes clear reasons and bases for all determinations, and afford them an appropriate time period for response.

The purpose of this REMAND is to afford due process and to accomplish additional development and adjudication; it is not the Board's intent to imply whether any benefit requested should be granted or denied. The Veteran need take no action until otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 






(2012). The AOJ is reminded that this appeal has been advanced on the Board's docket.



_________________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2017).